UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA DUMAS and
WILLIE DUMAS,

    Plaintiffs,

v.

Civil Action No. 13-14055

HONORABLE DENISE PAGE HOOD

JUDGE JOSEPH J. FARAH and
SEVENTH CIRCUIT CLERKS OF COURT,

    Defendants.

_____/

## ORDER GRANTING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*, ORDER OF SUMMARY DISMISSAL, AND FINDING ANY APPEAL FRIVOLOUS

Before the Court is Plaintiffs Lowana Dumas and Willie Mae Dumas' Applications to Proceed *In Forma Pauperis*. A review of Plaintiffs' application supports their claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendants.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is

frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

A liberal reading of Plaintiffs' Complaint shows that Plaintiffs are seeking review of State of Michigan Circuit Judge Joseph J. Farah's decisions in Plaintiffs'

cases before him.  Plaintiffs seek injunctive relief to permanently disqualify Judge Farah from any litigation involving Plaintiffs.  Plaintiffs also allege that the Seventh Circuit Court Clerks conspired to assign each case Plaintiffs filed to Judge Farah and that the Clerks prevented Plaintiffs from enforcing their rights by refusing to process Plaintiffs' documents timely and properly with the Seventh Circuit Court.  Plaintiffs seek injunctive relief to enjoin the Clerks from unauthorized practice of law and declaratory relief that but for the interference of the Clerks, their petition would have been timely.

It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.  *Brown v. Glasser,* 1989 WL 20614 (6th Cir. Feb. 28, 1989); *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967)(judges); *Stump v. Sparkman,* 435 U.S. 349, 356-59 (1978)(judges); Judicial support staff are entitled to quasi-judicial immunity, absent evidence that they have acted maliciously or corruptly.  *Denman v. Leedy,* 479 F.2d 1097, 1098 (6th Cir. 1973)(court clerk); *Smith v. Martin,* 542 F.2d 688, 690-91 (6th Cir. 1976)(clerk).  Defendants' acts alleged by Plaintiffs arose out of their performance of their judicial or quasi-judicial functions as judge and staff of the Seventh Circuit Court.  They are entitled to immunity from suits for damages for their actions.

Inasmuch as Plaintiffs are seeking prospective injunctive relief that Judge Farah be enjoined from hearing any of Plaintiffs' cases or the Clerks of the Seventh Circuit to properly process Plaintiffs' papers, the Constitution of the State of Michigan vests the Supreme Court of the State of Michigan with "general superintending control over all courts."  Mich. Const. Art. VI, § 4.   M.C.L. The Michigan Supreme Court has general supervisory control of the courts and is constitutionally responsible for the efficient and effective operation of all courts within the state court system.  *Judicial Attorneys Ass'n v. State of Michigan,* 459 Mich. 291, 298-99 (1998).  The day to day operation of the state's trial courts is in the hand of the chief judges of each court, who in turn are accountable to the Michigan Supreme Court.  *Id.* at 299.  Plaintiffs have failed to sufficiently allege claims for prospective relief as to Judge Farah and the Clerks of the Seventh Circuit.

The Court also declines to review any orders or judgments entered by Judge Farah.  A United States District Court has no authority to review final judgments of a state court judicial proceedings.  Review of such judgments may be had in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  To the extent that a District Court is requested to review a State Court's order, the District Court lacks subject-matter jurisdiction over those complaints.  Lower federal courts possess no power whatever to sit in direct review

4

of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's complaint, then the district court is in essence being called upon to review the state-court decision, which the district court may not do. *Id.* at 483.

Principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate injury. *Id.* at 44. The Supreme Court has applied abstention to state civil proceedings which involve important state interests and to a variety of state administrative proceedings. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

For the reasons set forth above,

IT IS ORDERED that the Applications to Proceed *In Forma Pauperis* (**Doc. Nos. 2 and 3**) are GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369

U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

                                             s/Denise Page Hood
                                             Denise Page Hood
                                             United States District Judge

Dated:  June 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2014, by electronic and/or ordinary mail.

                                             s/LaShawn R. Saulsberry
                                             Case Manager